1    **WO**                                                                    BL

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8
     Robert Shelton,                        )     No. CV 05-0391-PHX-EHC (LOA)
9                                           )
                   Plaintiff,               )     **ORDER**
10                                          )
     vs.                                    )
11                                          )
                                            )
12   Maricopa County Sheriff's Office; and  )
     Sheriff Joseph Arpaio,                 )
13                                          )
                   Defendants.              )
14   _____

15          Plaintiff, currently confined in the Maricopa County Towers Jail in Phoenix, Arizona,

16   has filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983.  This action is one of

17   more than eight hundred lawsuits filed in this district since September 2004 alleging that the

18   overcrowded conditions in the Maricopa County jail system have resulted in a variety of

19   constitutional violations.  The Court will order that the action be served upon Defendant

20   Arpaio, and that the remaining Defendant be dismissed without prejudice.

21   **A.      Application to Proceed In Forma Pauperis & Filing Fee.**

22          Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

23   Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of

24   $150.00 for this action.[1]  No initial partial filing fee will be assessed by this Order.  28 U.S.C.

25   _____

26          [1] Effective February 7, 2005, the filing fee for a civil rights action increased from $150.00
     to $250.00.  See 28 U.S.C. § 1914, amended by, Consolidated Appropriations Act of 2005,
27   Pub.L.No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004).  Plaintiff's Complaint, however,

**TERMPSREF** 28

1 § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect

2 monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust

3 account.  These payments will be forwarded by the appropriate agency to the Clerk of Court

4 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

5 28 U.S.C. § 1915(b)(2).

6 Plaintiff should take notice that if he is released before the filing fee is paid in full, he

7 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

8 release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

9 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

10 he is unable to pay the remainder of the filing fee.

11 **B.** **Statutory Screening of Prisoner Complaints.**

12 The Court is required to screen complaints brought by prisoners seeking relief against

13 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

14 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

16 may be granted, or that seek monetary relief from a defendant who is immune from such

17 relief.  28 U.S.C. § 1915A(b)(1),(2).

18 **C.** **Complaint.**

19 Plaintiff names as Defendants Joseph M. Arpaio, Sheriff of Maricopa County, and the

20 Maricopa County Sheriff's Office.  In his action, Plaintiff alleges that his constitutional rights

21 were violated due to (1) overcrowding, resulting in undue stress, anxiety, loss of sleep, and

22 loss of consortium, (2) inadequate seating leading to him being forced to consume his meals

23 sitting alone on a toilet in his cell, (3) denial of his right to exercise his religion because he

24 has been unable to participate in religious services and has not been provided a religious diet

25 or access to clergy or any religious literature, (4) deliberate indifference to his medical needs

26

27

28 is not subject to the increased fee because the complaint was filed prior to the effective date of the
fee increase.

TERMPSREF                                                                                    - 2 -

1   because he requested an eye examination and although he has been told that one has been

2   scheduled, he has yet to undergo the examination, and (5) denial of access to the grievance

3   policy and procedures because he has been told that the issues he seeks to grieve were "non-

4   grievable" in nature.  Plaintiff seeks monetary and other relief.

5   **D.**      **Failure to State a Claim.**

6   *1. Maricopa County Sheriff's Office*

7        The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the

8   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.

9   See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative

10   creation of the county sheriff to allow him to carry out his statutory duties, and not a

11   "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's

12   Office will be dismissed from this action as an improper Defendant.

13   *2. Hart v. Hill*

14        Throughout his Amended Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-

15   0477-PHX-EHC (D. Ariz.), claiming that the conditions of his confinement violated an

16   Amended Judgment in that action.  Jurisdiction to enforce the judgment is retained by the

17   court which entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil

18   rights action is not the proper means by which to enforce the decree.  Cagle v. Sutherland,

19   334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996);

20   DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116,

21   1122-23 (5th Cir. 1986).  Standing alone, remedial orders cannot serve as a substantive basis

22   for a § 1983 claim for damages because such orders do not create "rights, privileges, or

23   immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24.  Remedial

24   decrees are the means by which unconstitutional conditions are corrected but they do not

25   create or enlarge constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce

26   Hart v. Hill, his claim is not properly brought in this action.

27   *3. Count IV - Deliberate Indifference to Medical Needs*

28

        

1    For a person to be liable in his official capacity, Plaintiff must allege that he acted as

2  a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d

3  1186, 1188 (9th Cir. 2001).  Moreover, a supervisor, in his individual capacity, "is only liable

4  for constitutional violations of his subordinates if the supervisor participated in or directed

5  the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List,

6  880 F.2d 1040, 1045 (9th Cir. 1989).  "A plaintiff must allege facts, not simply conclusions,

7  that show that an individual was personally involved in the deprivation of his civil rights."

8  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff fails to allege any facts

9  which would demonstrate that Defendant Arpaio has acted under a policy or custom, or

10  directly refused to schedule Plaintiff an eye appointment or scheduled Plaintiff an

11  appointment for an eye examination several weeks in the future.  Accordingly, this Count

12  will be dismissed without prejudice.

13    *4. Count V - Grievance*

14    Plaintiff asserts that he was denied access to courts by the refusal to allow him to use

15  the jail's grievance system.  An inmate has no free-standing constitutional right to a

16  grievance process.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (providing that a

17  prisoner does not have a protected liberty interest in prison grievance procedures).

18  Accordingly, this Count will be dismissed without prejudice.

19  **E.    Claims For Which An Answer Will be Required.**

20    At this early stage, Plaintiff has sufficiently set forth a claim that his constitutional

21  rights were violated by (1) overcrowding, (2) unsanitary conditions, and (3) denial of his

22  right to exercise religion.  Defendant Arpaio will be ordered to answer these claims.

23  **F.    Warning of Possible Dismissal Pursuant to Rule 41.**

24    Plaintiff should take notice that if he fails to timely comply with every provision of

25  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

26  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

27  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

28  Court), cert. denied, 506 U.S. 915 (1992).

TERMPSREF                                                      - 4 -

1

2 **IT IS THEREFORE ORDERED that:**

3        (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 5) is granted

4 pursuant to 28 U.S.C. § 1915(a)(1).

5        (2)   Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

6 Plaintiff is assessed no initial partial filing fee.   All fees shall be collected and paid in

7 accordance with this Court's Order to the appropriate government agency filed concurrently

8 herewith.

9        (3) Counts IV and V and Defendant Maricopa County Sheriff's Office are dismissed

10 without prejudice.

11        (4) Defendant Arpaio will be required to answer the remaining Counts.

12        (5)   The Clerk of Court shall send Plaintiff a service packet including the Amended

13 Complaint (Doc. #5), this Order, and both summons and request for waiver forms for

14 Defendant Arpaio.

15        (6)   Plaintiff shall complete and return the service packet to the Clerk of Court within

16 20 days of the date of filing of this Order.   The United States Marshal will not provide

17 service of process if Plaintiff fails to comply with this Order.

18        (7)   If Plaintiff does not either obtain a waiver of service of the summons or complete

19 service of the Summons and Amended Complaint on the Defendant within 120 days of the

20 filing of the complaint or within 60 days of the filing of this Order, whichever is later, the

21 action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the

22 Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

23        (8)   The United States Marshal shall retain the Summons, a copy of the Amended

24 Complaint, and a copy of this Order for future use.

25        (9) The United States Marshal shall notify Defendants of the commencement of this

26 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

27 Rules of Civil Procedure.   The notice to Defendants shall include a copy of this Order.   The

28 Marshal shall file waivers of service of the summons or requests for waivers that were

TERMPSREF                                              - 5 -

1 returned as undeliverable as soon as they are received.  If a waiver of service of summons

2 is not returned by a Defendant within thirty days from the date the request for waiver was

3 sent by the Marshal, the Marshal shall:

4 (a)  Personally serve copies of the Summons, Amended Complaint, and this

5 Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

6 Procedure;

7 (b)  Within 10 days after personal service is effected, file the return of service

8 for the Defendant, along with evidence of the attempt to secure a waiver of service of

9 the summons and of the costs subsequently incurred in effecting service upon the

10 Defendant.  The costs of service shall be enumerated on the return of service form

11 (USM-285) and shall include the costs incurred by the Marshal for photocopying

12 additional copies of the Summons, Amended Complaint, or this Order and for

13 preparing new process receipt and return forms (USM-285), if required.  Costs of

14 service will be taxed against the personally served defendant pursuant to Rule 4(d)(2)

15 and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the

16 Court.

17 (10)  **A Defendant who agrees to waive service of the Summons and Amended**

18 **Complaint shall return the signed waiver forms to the United States Marshal, not the**

19 **Plaintiff.**

20 (11)  Defendant shall answer the Complaint or otherwise respond by appropriate

21 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

22 Rules of Civil Procedure.

23 (12)  Any answer or responsive pleading shall state the specific Defendant by name

24 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

25 motion or paper that does not identify the specific Defendant by name on whose behalf it is

26 filed.

27 (13)  Plaintiff shall serve upon Defendant, or if appearance has been entered by

28 counsel, upon counsel, a copy of every further pleading or other document submitted for

TERMPSREF

- 6 -

1   consideration by the Court.  Plaintiff shall include with the original document and copy, to

2   be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

3   the pleading or document was mailed to Defendant or counsel.  Any paper received by a

4   District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

5   may be disregarded by the Court.

6          (14) At all times during the pendency of this action, Plaintiff shall immediately advise

7   the Court and the United States Marshal of any change of address and its effective date.

8   Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

9   contain only information pertaining to the change of address and its effective date.  Plaintiff

10  shall serve a copy of the notice on all opposing parties. The notice shall not include any

11  motions for any other relief. Failure to file a Notice of Change of Address may result in the

12  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

13  of Civil Procedure.

14         (15) A clear, legible copy of every pleading or other document filed shall accompany

15  each original pleading or other document filed with the Clerk for use by the District Judge

16  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

17  may result in the pleading or document being stricken without further notice to Plaintiff.

18         (16) This matter is referred to Magistrate Lawrence O. Anderson pursuant to Local

19  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

20         DATED this 3rd day of October, 2005.

21

22

23  _____

24                    Earl H. Carroll
                United States District Judge

25

26

27

28

TERMPSREF                                          - 7 -